IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MICHAEL BARKSDALE,

    PLAINTIFF,

v.                                            CASE NO.: CV-02-J-2491-S

ALLSTATE INSURANCE COMPANY,

    DEFENDANT.

## MEMORANDUM OPINION

Pending before the court is the defendant's motion for summary judgment (doc. 17) and brief in support of said motion, the plaintiff's brief and evidentiary submissions in opposition to said motion (doc. 24) and the defendant's reply to the plaintiff's opposition. The court having considered said pleadings, briefs and evidentiary submissions, finds as follows:

The plaintiff was a passenger in a vehicle struck by a car driven by Cas Williams. This accident occurred in June, 1997. Complaint, ¶ 5, plaintiff depo. at 24, 26, submitted as Exhibit A to defendant's motion for summary judgment. Cas Williams was an insured of defendant Allstate. The plaintiff accepted and cashed a one thousand dollar ($1,000.00) check from defendant insurer as "final settlement of any and all claims arising from bodily injury caused by accident on 6/11/97." Exhibit 5 to plaintiff depo. The check was dated November 14, 1997. *Id.*

In this lawsuit, filed September 18, 2002, the plaintiff alleges that the defendant had a "plan" to reduce the amounts paid to individuals who made claims on insurance

policies issued by defendant. Plaintiff's brief at 1. The alleged "plan" involved establishing a "trust based relationship" with the insurance claimant. Plaintiff's opposition at 1. Such a relationship is the basis for plaintiff's entire complaint.[1] Complaint, ¶¶ 5-6. Asserting such a relationship to be a scheme by which defendant could reduce the amounts it paid to claimants, the plaintiff seeks to recover from the defendant compensatory and punitive damages in an amount to be determined by a jury. Complaint at 4-5. Plaintiff provides evidence of such a scheme in documents submitted to the court as exhibits to the plaintiff's opposition to the defendant's motion for summary judgment. Plaintiff's exhibits 1-7. However, the plaintiff has no evidence that the alleged "plan" was applied in the settlement of his own claim. The plaintiff's evidence bears the name "Wilson" on each of the documents.[2]

The court finds that plaintiff's claims are time-barred. As the court previously noted, the plaintiff received a settlement check from Allstate in November, 1997. Plaintiff depo. at 71. He knew then the bills he incurred and the amount he received. *Id.* at 49, 69-70. He knew he could speak to a lawyer.[3] *Id.* at 78. He further stated

---

[1]Plaintiff also attempted to state claims through an amended complaint against defendant's claims representative and the driver of the automobile (docs. 14 and 16). However, this court found that such amendment would divest this court of jurisdiction and therefore denied the motion to amend (doc. 20).

[2]In its reply to plaintiff's opposition, defendant states these documents were provided on April 3, 2000 pursuant to a Protective Order in *Mikel D. Wilson, et al. v. Lorenzo Robertson, et al.*, which was in the Circuit Court for Tuscaloosa County, Alabama. Defendant's reply, n.1. That Protective Order prohibited use of those documents outside of that case.

[3]The plaintiff testified in his deposition that he first spoke to an attorney about this settlement when he was contacted by plaintiff's counsel's firm in the Summer of 2001. Plaintiff

that he did not rely on what the Allstate representative told him, that he did not trust this representative, and that he knew he could get an attorney. Plaintiff depo. at 58-59, 78, 90-91.

As such, this court finds plaintiff's argument that the tolling provisions of § 6-2-3, Alabama Code 1975, apply to be misplaced.[4]

At the time the plaintiff accepted the settlement check from the defendant, he had all of the information he needed to determine whether the settlement was fair. In fact, he testified the settlement was "hideous." Plaintiff depo. at 58. He states that the claims representative "wasn't trying to be nice at all; she was just trying to settle" and that she was just trying to take care of Allstate. Plaintiff depo. at 59. This simply does not support plaintiff's allegation that he "had no idea that Allstate was not providing him with fair and adequate compensation" or that Allstate "was intentionally trying to mislead him." Plaintiff's brief at 6.

The plaintiff also testified that "I knew I needed [an attorney], but I didn't get one." Plaintiff depo. at 61. He stated that he knew he had the option to get an attorney. *Id.* at 78. The fact that he chose not to contact an attorney to advise him of

---

depo. at 80-81. Plaintiff argues in his brief that this attorney "explained his rights." Plaintiff's brief at 5.

[4]The plaintiff argues that § 6-2-3 applies to all torts, citing *Holdbrooks v. Central Bank*, 435 So.2d 1250, 1251 (Ala.1983). That case actually states that "[w] have recognized that § 6-2-3 may be "applied to other torts not arising in fraud in appropriate cases, and applies to a fraudulent concealment of the existence of a cause of action." Plaintiff's argument that the provisions of § 6-2-3 toll the statute for breach of fiduciary duty, negligence and wantonness, based on *Holdbrooks*, is not persuasive. Plaintiff cites to no case which actually applied § 6-2-3 to any of these causes of action.

3

the worth of his claim does not toll the statute of limitations.[5] Rather, before plaintiff ever cashed the settlement check he "was privy to facts which would 'provoke inquiry in the mind of a [person] of reasonable prudence, and which, if followed up, would have led to the discovery of the fraud.'" *Auto-Owners Insurance Co. v. Abston*, 822 So.2d 1187, 1195 (Ala.2001). *See also Foremost Insurance Co. v. Parham*, 693 So.2d 409 (Ala.1997).

The court notes that the plaintiff's claims would fail on their merits were they not barred by the statute of limitations. The plaintiff testified that he did not rely on anything the claims representative told him. Plaintiff depo. at 91. Given that, he cannot show that his reliance on those statements was reasonable or that he was damaged as a result of reliance on those statements.[6] These are required elements of a claim for fraudulent misrepresentation. *See Auto-Owners Insurance Co.*, 822 So.2d at 1196. Similarly, whether or not the claims representative had a duty to disclose to plaintiff that he could or should consult an attorney before settling his claim is

---

[5]Even assuming plaintiff's assertion that the settlement was supposed to include the payment of his medical bills, and the same were not paid, the plaintiff does not allege when he discovered the alleged failure to pay his medical bills. *See e.g.*, plaintiff depo. at 88, submitted as exhibit 8 to plaintiff's brief, and plaintiff depo at 77-78, 89, submitted as exhibit A to defendant's motion. As such, this cannot toll the statute of limitations. Similarly, the plaintiff states only that "I don't believe they have been paid." *Id.* at 78.

[6]Plaintiff also argues that he has not been able to fully develop Allstate's knowledge about these facts because the court denied his request for an extension of time. Plaintiff's brief at 6, n. 2. However, given plaintiff's testimony that he did not rely on anything defendant's claims representative said, whether or not the claims representative knowingly tried to mislead plaintiff is irrelevant. For a misrepresentation claim, the plaintiff must establish not only that misleading statements were made, but also that he relied on such statements.

immaterial under these facts as the plaintiff unequivocally testified he knew he could contact an attorney but did not. *See e.g., Auto-Owners*, at 1198; plaintiff's depo. at 61, 78.

Additionally, the plaintiff's arguments that "Allstate's own documents demonstrate that it intended to create a trust-based relationship with the Plaintiff" and that the documents "also indicate that Allstate engaged in the unauthorized practice of law" fail on their merits. *See* plaintiff's brief, at 7. As previously stated by the court, the plaintiff has no evidence that the documents on which he relied, marked "Wilson" at the bottom, applied in the settlement of his claim. The plaintiff's argument concerning the unauthorized practice of law also fails, as it is based on laws of Washington state.[7] *See Jones v. Allstate*, 146 Wash.2d 291, 303 45 P.3d 1068, 1074 (Wash.2002) (stating that the "definition of the 'practice of law' in Washington case law includes three categories of activities...").

The court having considered the foregoing, and being of the opinion that the defendant's motion for summary judgment is due to be granted on all counts of the plaintiff's complaint, the court shall grant the defendant's motion by separate Order.

**DONE** and **ORDERED** this the ___ day of February, 2003.

                                              Inge P. Johnson
                                              United States District Judge

---

[7] The plaintiff makes no argument under Alabama law on this claim, nor does he argue that Washington law should apply in the State of Alabama.